**LORETO DEVELOPMENT COMPANY, INC. et al., Appellees,**

v.

**VILLAGE OF CHARDON, Appellant.**

[Cite as *Loreto Dev. Co. v. Chardon* (1996), 119 Ohio App.3d 524.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

Nos. 95–G–1920 and 95–G–1923.

Decided Oct. 18, 1996.

**526**

*Michael T. Gavin, Eli Manos, Anthony J. Coyne* and *David J. Eardley,* for appellees.

*James M. Gillette,* Chardon Village Law Director, and *Gary E. Powell,* for appellant.

EDWARD J. MAHONEY, Judge.

This is an appeal from an order of the Geauga County Court of Common Pleas that (1) reversed the decision of the Chardon Board of Zoning Appeals ("board") that denied appellee's application for a conditional use permit to construct a Wal–Mart store and (2) entered a declaratory judgment that the applicable zoning restriction was unconstitutional. We reverse.

On April 14, 1994, appellee, Loreto Development Co., Inc., filed an appeal, pursuant to R.C. Chapter 2506, in the Geauga County Court of Common Pleas from the denial of its application for a conditional use permit for a Wal–Mart store in the village of Chardon ("appellant"). Appellee owns an eighty-five-acre parcel of land in the village of Chardon, of which twenty-three acres were zoned "C–1," and the balance was zoned "R–2" (residential). It is the C–1 zoning that is the primary focus of this dispute. A C–1 district allows "local retail business" as a conditional use, requiring the approval of the board. The zoning code defines "local retail business" to include retail and service establishments that normally employ less than ten people, such as drugstores, beauty salons, barber shops, carryouts, dry cleaners, and grocery stores "if less than 10,000 square feet of floor area." It was the position of Loreto that this square footage restriction and the restriction on the number of employees are unconstitutional.

On May 6, 1994, appellee filed a separate declaratory judgment action in the Geauga County Court of Common Pleas. The complaint requested that the court construe the zoning ordinances of the village of Chardon with respect to the denial of the conditional use permit for the proposed Wal–Mart store. The trial

court consolidated the declaratory judgment action with the R.C. Chapter 2506 appeal.

After a trial on the issue, the common pleas court determined that restricting businesses to less than ten employees and less than ten thousand square feet of floor area bore no rational relationship to the public health, safety, or general welfare, and deprived appellee of the economically feasible use of its land. Therefore, the trial court concluded that the zoning ordinance was unconstitutional, and ordered appellant to grant appellee a conditional use permit to build the proposed Wal–Mart store.

Appellant timely appealed, asserting the following as error:

"1. The trial court erred in overturning the decision of the Chardon Board of Zoning Appeals to deny Loreto Development Co.'s application for a conditional use permit because the proposed use as a Wal–Mart store did not constitute a 'local retail business' as that term is defined in the village of Chardon Zoning Code.

"2. The trial court erred in ordering the Chardon Board of Zoning Appeals to issue a conditional use permit pursuant to appellee's application because the proposed use is not a use permitted in the 'C–1' restricted business district.

"3. The trial court erred in finding the existing zoning code on the subject property unconstitutional.

"4. To the extent the trial court's judgment constituted a rezoning of the subject property, the trial court erred in not returning the matter to the village for an opportunity to rezone the property."

Appellant's first two assignments of error will be addressed together because they are closely related. In these two assignments of error, appellant contends that the trial court erred in reversing the board because appellee's proposed use did not constitute a "local retail business" as defined in the zoning code or any other use permitted in a C–1 district.

It is not disputed, however, that appellee's proposed conditional use is a ninety-eight-thousand-square-foot store with approximately one hundred employees, nor is it disputed that the proposed use does not fall within the definition of "local retail business" or any other use permitted in a C–1 district. The trial court did not hold otherwise. Rather, the court held that the ordinance's "local retail business" restrictions on size of establishment and number of employees were unconstitutional. Therefore, appellant has failed to demonstrate any error through its first two assignments. The first and second assignments of error are meritless.

In its third assignment of error, appellant argues that the trial court erred in holding that the restriction to less than ten thousand square feet or ten employees in the existing zoning ordinance is unconstitutional. It is well settled in Ohio that a party challenging the constitutionality of a zoning ordinance "must prove, beyond fair debate, both that the enactment deprives him or her of an economically viable use and that it fails to advance a legitimate governmental interest." *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 638 N.E.2d 533, syllabus. We apply this test bearing in mind that there is a strong presumption that a zoning ordinance is valid as enacted. *Id.* at 226, 638 N.E.2d at 536–537. "The party challenging an ordinance bears, at all stages of the proceedings, the burden of demonstrating that the provision is unconstitutional." *Id.*

The trial court held that these zoning restrictions deprived appellee of an economically viable use of its property and that they failed to advance a legitimate governmental interest. As to the economic viability of the property as currently zoned, appellee presented evidence that the zoning code's concept of local retail business is outdated. The modern trend in retail, according to appellee's experts, is to have a large anchor store surrounded by smaller stores. The fact that the existing zoning is not in tune with the modern trend or that it does not allow the most profitable retail development, however, will not invalidate the existing zoning. See *Gerijo, supra,* at 228, 638 N.E.2d at 537–538. A zoning ordinance is considered to be impermissibly restrictive only when it denies an owner all uses of the property except those which are highly unlikely or practically impossible under the circumstances. *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 587, 653 N.E.2d 639, 644–645.

Appellee failed to establish, beyond fair debate, that the zoning restrictions deprived it of the use of its property. In fact, there was evidence that appellee could profitably develop the property as it is currently zoned. Appellee had also received an offer to purchase the residential section of the property for $300,000 more than it paid for the entire parcel. Therefore, appellee failed to establish, and the trial court erred in concluding, that the zoning restrictions deprived appellee of an economically viable use of the property.

The second prong to test the constitutionality of the zoning ordinance is whether it advances a legitimate governmental interest. The appellant's determination that its zoning action would serve certain governmental interests must be given great deference. Recognizing that "[t]he legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations, * * * the judicial judgment is not to be substituted for the legislative judgment in any case in which the issue or matter is fairly debatable." *Ketchel v. Bainbridge Twp.* (1990), 52 Ohio St.3d 239, 246, 557 N.E.2d 779, 785.

According to the explicit terms of the zoning code, the local retail business restrictions are intended to prevent traffic congestion, excessive noise, and "other objectionable influences." There was also evidence that the large retail businesses were permitted elsewhere in Chardon, but that the appellant had attempted to preserve the residential, small-town character of this part of town. This was clearly a legitimate interest to be advanced by this zoning. "[A] municipality may properly exercise its zoning authority to preserve the character of designated areas in order to promote the overall quality of life within the city's boundaries." *Cent. Motors, supra,* 73 Ohio St.3d at 585, 653 N.E.2d 639, 653 N.E.2d at 643.

Appellant had no burden to prove that these interests would, in fact, be advanced by the zoning ordinance. It was the burden of appellee to prove that none of the purported interests nor any other legitimate governmental interests would be advanced by the appellant's zoning ordinance. See *id.* at 586–587, 653 N.E.2d at 643–645.

Appellant conceded that the restrictions on the number of employees in a local retail business establishment does not, in and of itself, advance a legitimate governmental interest. Therefore, this restriction fails the second prong of the test.

The floor size restriction, according to appellee, likewise fails to advance the purported interests. Appellee has contended all along that, because the total area of retail space is the same whether there are nine small stores or one large store, there is no difference in the noise and traffic generated by the larger store. Our review of the evidence in the record, however, supports a contrary conclusion.

Appellee had presented a booklet of "community comments," in an apparent attempt to convince the village that a Wal–Mart store would have a positive impact on the community and bolster the local economy. The booklet, entitled "Working Together in our Hometown," included over one hundred letters from various chambers of commerce around the country, many of which praised Wal–Mart for its ability to draw business from surrounding communities, in effect creating a new economic hub in the area. This evidence only supported appellant's concern that such a large store would cause noise and traffic congestion and would destroy the existing character of the area.

Even though no legitimate governmental interest is advanced by the zoning restriction on the number of employees in a local retail business, the restriction did not fail both prongs of the *Gerijo* test. Because appellee failed to present competent, credible evidence that the local retail business restrictions both deprived it of any economically viable use of its property and failed to advance a

legitimate governmental interest, the trial court erred in finding these zoning restrictions unconstitutional. The third assignment of error is well taken.

In appellant's fourth assignment of error, it is argued that the trial court erred in failing to allow appellant the opportunity to rezone the property. In light of our disposition of the third assignment of error, this argument has been rendered moot and need not be addressed. See App.R 12(A)(1)(c).

The judgment of the trial court is reversed, and this cause is remanded to the trial court to enter judgment in favor of the appellant.

*Judgment accordingly.*

FORD, P.J., and CHRISTLEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.